SPEAR v. TOWNSHIP OF FENTON

MUNICIPAL CORPORATIONS—SEWER—SPECIAL ASSESSMENT.
     Use of the front foot method of assessment for a special assess-
        ment for a sewer construction project is not precluded by
        statute (MCLA § 41.725).

Appeal from Genesee, Elza H. Papp, J. Submit-
ted Division 2 May 7, 1969, at Lansing. (Docket
No. 5,798.) Decided June 24, 1969.

Complaint by Frank E. Spear and others against
the Township of Fenton and the members of the
Fenton Township Board, to have a special assess-
ment on their properties declared illegal and for
other relief. Judgment for defendants. Plaintiffs
appeal. Affirmed.

*M. Bushnell Trembley,* for plaintiffs.

*McAra & Palmer (Gilbert E. Gove,* of counsel)
and *Miller, Canfield, Paddock & Stone (George T.
Stevenson,* of counsel), for defendants.

BEFORE: LESINSKI, C. J., and QUINN and DAN-
HOF, JJ.

PER CURIAM. Plaintiff landowners in a special
assessment sanitary sewer district brought this ac-

REFERENCES FOR POINTS IN HEADNOTE
48 Am Jur, Special Assessments § 67 *et seq.*
Assessments for improvements by the front-foot rule.   56 ALR 941.

tion to have the special assessment on their prop-
erties declared illegal and for other relief.  At the
conclusion of a nonjury trial, a judgment entered ·
dismissing plaintiffs' complaint with prejudice and:
they appeal.

The special assessment district was established
pursuant to the provisions of PA 1954, No 188,
MCLA § 41.721 *et seq.* (Stat Ann 1958 Rev § 5.2770
[51] *et seq.*).  The sole attack on the legality of the
assessments on plaintiffs' properties is that the su-
pervisor in preparing and the township board in con-
firming the assessment roll failed to comply with
§ 5 of Act 188, MCLA § 41.725 (Stat Ann 1958, Rev
§ 5.2770[55]).

The pertinent part of § 5 describes the total
amount to be assessed against each parcel of land
as: "such relative portion of the whole sum to be
levied against all parcels of land in the special as-
sessment district as the benefit to such parcel of
land bears to the total benefit to all parcels of land
in the special assessment district."  It is plaintiffs'
position that they were assessed only on the basis
of front footage and that assessment by front foot
is not authorized by the statutory language above
quoted.  Plaintiffs do not deny they will benefit from
the sewer, in fact they want it; they contest the
amount of such benefit.

Defendants contend the assessment was not sole-
ly on a front foot basis, but on a front foot basis
with allowance for location and shape of the lots in-
volved.  The trial court found, and the record sup-
ports the finding, that location and shape of lot were
considered in assessing benefits.  The trial court fur-
ther found that on the facts, the front foot method
of assessment for benefits was fair and equitable.
Such finding is not clearly erroneous, GCR 1963,
517.1.

The statute involved does not preclude the use of the front foot method of assessment, nor do the authorities relied on by plaintiffs establish that the use of the front foot method of assessment is impermissible under the statutory language.

Affirmed, with costs to defendants.